IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

I-ARIEL DANIEL: IBN YAHWEH,

              **Plaintiff,**

v.                                                           Case 2:12-cv-02869-JDT-cgc

CHRIS HARRIS, SHELBY COUNTY
SHERIFF'S DEPARTMENT, LEE V.
COFFEE, AMY P. WEIRICH,
WILLIAM OLDHAM, STATE OF
TENNESSEE, ROBERT E. COOPER,
BILL HASLEM, MARK H. LUTTRELL,
JR., MAT HATLEY, HUGH HARTLEY,
ALVIN DAVIS, and JOHN &
JANE DOES 1-50,

              **Defendants.**

---

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING
PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY
PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

---

      Before the Court is Plaintiff I-Ariel Daniel: Ibn Yahweh's[1] *pro se* Amended Complaint (Docket Entry "D.E." #4), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding *in forma pauperis*. (D.E. #3). The Section 1915 screening has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #6). For the reasons set forth herein, it is recommended that Plaintiff's Amended Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that leave

---

[1] Plaintiff was formerly known as Karlton Shawn Fields. (D.E. #1-1 at 4).

1

to proceed *in forma pauperis* on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

**I. Background**

On October 2, 2012, Plaintiff filed a *pro se* Complaint, which he amended on November 20, 2012. Plaintiff initially summarizes that he seeks to pursue violations of his Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment rights pursuant to 42 U.S.C. Sections 1983, 1985, 1986, and 1988 for "civil rights violations involving wrongful arrest, grand theft, criminal trespass, and wrongful detention." (Am. Compl. at 2, 4).

Plaintiff named as Defendants the following individuals and entities: Mat Hatley ("Officer Hatley"), "Germantown Police Officer/FBI" in his individual and official capacities; Hugh Hartley ("Agent Hartley") of the Federal Bureau of Investigation ("FBI"), in his individual and official capacities; Alvin D. Davis ("Davis") in his official and individual capacities; Chris Harris ("Deputy Harris"), Shelby County Sheriff Deputy, in his official and individual capacities; Amy P. Weirich ("Weirich"), "Prosecuting Attorney," in her individual and official capacities; Shelby County Sheriff's Department ("SCSD"); William Oldham ("Sheriff Oldham"), Shelby County Sheriff, in his individual and official capacities; Judge Lee V. Coffee ("Judge Coffee") in his individual and official capacities; Robert E. Cooper ("Cooper"), Tennessee State Attorney General, in his "public and private capacities"; Governor Bill Haslam ("Governor Haslam") in his "public and private capacities"; the State of Tennessee; Mark H. Luttrell, Jr. ("Mayor Luttrell"), Mayor of Shelby County, in his individual and official capacities; and, John Does 1-20.[2] (Am. Compl. at 9-13).

---

[2] The style of Plaintiff's Amended Complaint names John Does 1-50; however, the body of Plaintiff's Amended Complaint names John Does 1-20. In any event, service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against "John Doe"

Plaintiff alleges that on April 24, 2012, he was "kidnapped/falsely arrested" in the presence of his two-year-old daughter by Officer Harris of SCSD for providing a false report regarding the whereabouts of an individual named Justin A. Jones ("Jones"). (Am. Compl. ¶ 14). Plaintiff contends that he does not know Jones, was never shown a warrant for Jones, and never saw a warrant on the "county warrant site" for Jones. (*Id*. ¶ 21). He alleges that the "orders to arrest" him under a "false name" were provided by Agent Hatley and Agent Harley. (*Id*. ¶ 44). He claims that Davis "took the false information from FBI agents regardless of being provided [his] legal name and birth certificate" and "assaulted, beat, and pulled [him] out of the car" and "attempted on several occasion[s] to deny [him] medical care." (*Id*. ¶ 45). Plaintiff alleges that Officer Harris "falsified the report out of anger, religious bias, and racism." (*Id*. ¶ 22).

Plaintiff alleges that he was never advised of his *Miranda* rights. (*Id*. ¶ 15). Plaintiff alleges that he was transported to "some private sight [sic] for integration"[3] and then transported to the Shelby County jail located at 201 Poplar Avenue in Memphis, Tennessee. (*Id*. ¶ 16). Plaintiff further alleges that he never gave any statement freely but that he made statements under threat, duress, and coercion of armed officers. (*Id*. ¶ 20). Plaintiff alleges that Officer Harris informed him "that the charges were false and probably [would] be dropped" but that the Sheriff was "upset" with him. (*Id*. ¶ 17). He further claims that Sheriff Oldham held him "under the wrong name even after he has been served with all information pertaining to [his] identity." (*Id*. ¶ 47). Plaintiff alleges that

---

defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that Plaintiff's Complaint against all John Does be dismissed.

[3] It appears to the Court that Plaintiff's Complaint may contain a typographical error and that he may intend to allege that he was taken to a private location for interrogation.

3

he was "forced to take unwanted injections of medication while in jail" against his religious beliefs or "face cruel and unusual punishment by being place[d] in the hole with no bail." (*Id*. ¶ 18).

Plaintiff alleges that the Shelby County District Attorney issued a "false indictment" and refused to meet with him to "resolve" his "issue." (*Id*. ¶ 24). He alleges that the case against him has no factual basis, that it is a "sham legal process," and that he was charged due to "malicious prosecution, racism, and religious persecution" and to justify "their actions, threats, [and] kidnapping." (*Id*. ¶ 25). He alleges that Judge Coffee, Sheriff Oldham, and Weirich ordered his arrest, filed additional "false charges," and illegally detained him out of "retaliation of this lawsuit." (*Id*. ¶ 43). He further alleges that he was "targeted and set up to cover up Shelby County Public/Political Corruptions" due to his pursuit of "a civil lawsuit for constitutional and human rights violations." (*Id*. ¶ 27).

Plaintiff further alleges that Officer Harris committed perjury. (*Id*. ¶ 32). Plaintiff alleges that Officer Harris, Judge Coffee, and Weirich ignored his "correct name" despite documentation thereof and "pursued charges under a false name of KARLTON S. FIELDS." (*Id*. ¶ 33). Plaintiff alleges that this deprived him of "the right to self-identity, civil rights, and religious freedom." (*Id*.)

Plaintiff alleges that Judge Gwen Rooks ("Judge Rooks")[4] and Judge Coffee committed various violations, including as follows: (1) treason; (2) "practic[ing] law from behind the bench" in violation of 28 U.S.C. Sections 454 & 455; (3) willingly ignoring and failing to acknowledge "any of the Affidavits or Writs," which constitutes "false claims and perjury"; (4) breach of trust; (5) violation of the oath of office; and, (6) violations of the United States Constitution. (*Id*. ¶¶ 28-30).

---

[4] Although Plaintiff makes certain allegations against Judge Gwen Rooks, she is not a named Defendant in this action.

Plaintiff further alleges that Judge Coffee committed the following: (1) threatening Plaintiff (*Id.* ¶ 31); (2) disregarding Plaintiff's constitutional rights by issuing "an order for GPS monitoring, curfew, house arrest, and slavery without establishing jurisdiction as requested on the record," thus depriving Plaintiff of "life, liberty, and property without due process making the order null and void" (*Id.* ¶¶ 35-36); (3) refusing "three times to identify the trustees in the case as demanded" by Plaintiff and denying him due process (*Id.* ¶ 37); and, (4) making a ruling "with no evidence in the record to support his order" and using "his previous legal knowledge and bias as a federal prosecutor and assistant district attorney to influence his decision" (*Id.* ¶ 38). Plaintiff alleges that on April 24, 2012, Judge Gwen Rooks willingly forced him "into a contract for slavery by entering a plea without consent." (*Id.* ¶ 27). He alleges that he has "never entered a plea" in his case and that his signature was forced on a "plea waiver." (*Id.* ¶¶ 19, 26).

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must

be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A. Counts I & II

As to Counts I and II of Plaintiff's Complaint, he does not specify the legal basis for his claims; however, it appears that Plaintiff may intend to pursue Section 1983 claims against Defendant SCSD and/or Sheriff Oldham in his official and individual capacities,[5] as Plaintiff does mention Section 1983 at the outset of his Complaint. Count I alleges a "pattern and practice" of depriving liberty and property without probable cause and Count II alleges failure to train and supervise Shelby County employees, especially the prosecutors and municipal judges.

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a

---

[5] Plaintiff states that Counts I and II are against the "SHELBY COUNTY SHERIFF." As he named as Defendants both SCSD and Shelby County Sheriff William Oldham in his official and individual capacities, the Court will consider these claims as against both Defendants in all capacities.

6

right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Section 1983 itself "creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)).

As to Count I, Plaintiff does not specifically reference any deprivation of a right secured by the Constitution or laws of the United States. Instead, Plaintiff generally references the deprivation of liberty and property and the causation of damage without probable cause.[6] Plaintiff mentions the Fourth Amendment to the United States Constitution at the outset of his Complaint, which provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Thus, it appears to the Court that Plaintiff intends to allege that Officer Harris's conduct violated the Fourth Amendment's proscription against unreasonable seizures because he was "falsely arrested."

Plaintiff's grievance is that the "Shelby County Sheriff" had a "pattern and practice" of such deprivations. To plead such a claim, Plaintiff must plausibly allege that his constitutional rights were violated and that a policy or custom of the municipality was the "moving force" behind the deprivation of Plaintiff's rights. *Miller v. Sanilac Cty.*, 606 F.3d 240, 254-55 (6th Cir. 2010) (citing *Monell v. Dep't of Soc. Srvs. of City of New York*, 436 U.S. 658, 694 (1978)). Absent allegations

---

[6] Plaintiff's Complaint does not specify how he sustained damage to or deprivation of his property.

of an express policy of the municipality, Plaintiff must allege that the municipality has "(1) an unwritten custom (2) of remaining deliberately indifferent (3) to a clear and persistent pattern of illegal uses of force and seizures (4) that it knew or should have known about." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941-42 (M.D.Tenn. 2012) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005)).

Upon review, even extending the lenient treatment accorded to *pro se* complaints, Plaintiff has not alleged any factual support for his assertion that SCSD had any policy or custom of depriving arrestees of their constitutional rights. Instead, Plaintiff has merely recited the formulaic elements of a Section 1983 action for municipal liability. Further, Plaintiff did not even mention Section 1983 or the Fourth Amendment in Count I against the Shelby County Sheriff. While the Court has attempted to discern the basis of Count I based upon reading the entirety of the Complaint in context, the Court cannot engage in further speculation as to Plaintiff's allegations of the policy or custom, and the present allegations are insufficient to put either SCSD or Sheriff Oldham in his official or individual capacity on notice of the factual basis of the claims against them. Accordingly, it is recommended that Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

As to Count II, Plaintiff again does not specifically reference any deprivation of a right secured by the Constitution or laws of the United States, and the allegations contained in this count make it even more difficult for the Court to attempt to discern the nature of Plaintiff's grievances. Plaintiff alleges that the Shelby County Sheriff "failed and/or neglected to properly train its employees, especially its Prosecutor's [sic] and municipal judges, with respect to individual rights . . . ." As to the prosecutors and judges, Plaintiff has not alleged how the Shelby County Sheriff is

either their employer or is responsible for their training. Plaintiff has also not set forth what constitutional violation resulted from their alleged failure or neglect in training.

Even if Plaintiff had otherwise properly plead an action against the municipality, the actions of state prosecutors and municipal judges cannot ordinarily give rise to Section 1983 claims because these officers generally have absolute immunity from suit. *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (judicial immunity); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler,* 424 U.S. at 418 (prosecutorial immunity).[7]

As to the allegation that the Shelby County Sheriff failed or neglected to properly train "its employees," it appears to the Court that Plaintiff may intend to allege that Officer Harris was not properly trained and that such a failure resulted in his unlawful arrest. However, Plaintiff's Complaint does not contain any allegations regarding the alleged failures that would give rise to such a claim. Once again, his Complaint is a formulaic recitation of a cause of action without any factual support. Further, Plaintiff does not specify any other employees of SCSD that he believes

---

[7] Prosecutorial and judicial immunity are not absolute. Prosecutorial immunity extends to prohibiting "suits against prosecutors for initiating and conducting prosecutions." *Burns*, 500 U.S. at 485. All of Plaintiff's allegations regarding prosecutorial action pertain to the allegedly "false indictment" and failure to "resolve" his "issue," both of which are covered by prosecutorial immunity.

Judicial immunity is only overcome in two instances: (1) nonjudicial actions, i.e. actions not taken in the judge's judicial capacity; and (2) actions, though judicial in nature, are taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). In *Stump v. Sparkman*, 435 U.S. 349 (1978), the United States Supreme Court set forth a two-prong test to determine whether an act is judicial: (1) whether the function is "normally performed by a judge"; and, (2) whether the parties dealt with the judge in her judicial capacity. *Id*. at 362. All of Plaintiff's allegations regarding judicial conduct that even arguably could serve as the basis for a Section 1983 action are covered by judicial immunity.

9

it failed to properly train. Accordingly, it is recommended that Count II of Plaintiff's Complaint be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

### B. Count III

Count III of Plaintiff's Complaint contains several causes of action. The Court will address each of these allegations by paragraph in turn.

#### I. Paragraph 54

Paragraph 54 of Count III alleges that "all defendants, especially Chris Harris" deprived him "of his rights, liberty, and freedom from unprovoked attacks, unlawful arrest, denial of effective assistance of counsel and other violations of clearly established laws protected by the 4th, 5th, 7th, and 14th [A]mendments." Although Plaintiff does not mention Section 1983 in Count III, it appears to the Court that he again seeks to pursue such a claim against all Defendants based upon several alleged constitutional deprivations.

As set forth above, the Forth Amendment of the United States Constitution sets forth the right against unreasonable searches and seizures. As to SCSD and Sheriff Oldham, the Court has already recommended as to Counts I and II that Plaintiff's Complaint has failed to state a claim upon which relief may be granted against them, and Plaintiff has not included any further allegations in Count III that alter this recommendation. As to Weirich and Judge Coffee in their official and individual capacities, as the Court has also already discussed, both prosecutors and judicial officers generally have absolute immunity to actions under Section 1983 unless a plaintiff makes certain allegations against them, none of which are present in the instant case.

As to Officer Harris, "[t]o succeed on a Fourth Amendment claim for an unreasonable seizure/unlawful arrest, plaintiffs must show that there was a seizure and that it was unreasonable."

*Alexander v. Beale Street Blues Co., Inc.*, 108 F. Supp. 2d 934, 941 (6th Cir. 1999) (quoting *Brower v. County of Inyo*, 489 U.S. 539, 599 (1989)). To determine if a seizure is reasonable, a court must look to whether the officers had probable cause to seize the individual. *Alexander,* 108 F. Supp. 2d at 942 (quoting *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). "Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Alexander,* 108 F. Supp. 2d at 942. "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Id*.

Even though the question of whether probable cause existed generally presents a question of fact, Plaintiff must satisfy the pleading requirements to proceed with such a claim. In the instant case, Plaintiff has not alleged any facts as to why he believes his arrest was not supported by probable cause. Instead, he merely denies the charges for which he was arrested and conclusorily states without any factual allegations that his arrest was based upon anger, racism, and religious bias. Such allegations are neither sufficient to put Officer Harris on notice of the charges against him nor are they adequate to unlock the doors of discovery.

Finally, although Plaintiff states that the allegations in this paragraph are against all defendants, he does not make any claims in this count against the State of Tennessee, Cooper, Governor Haslam, Mayor Luttrell, Agent Hatley, Agent Hartley, or Davis or allege that any of the individual defendants were employed by SCSD. Accordingly, it is recommended that Plaintiff's Section 1983 claim for violation of the Fourth Amendment fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

11

The Fifth Amendment of the United States Constitution provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. Plaintiff does not specify which protection of the Fifth Amendment he alleges was violated. However, it appears to the Court based upon the facts alleged by Plaintiff that he intends to raise a due process claim. The Fifth Amendment's Due Process Clause applies only to the actions of the federal government. *Scott v. Clay Cty., Tenn.*, 200 F.3d 867, 873 (6th Cir. 2000).

In the instant case, the majority of the named defendants are not federal actors. The sole federal agents that Plaintiff names as defendants are Agent Hatley and Agent Hartley. Plaintiff's sole allegations as to Agent Hatley and Agent Hartley are that they contacted and provided false information to MPD to cause his false arrest and illegal detention. However, "[s]uch claims are most appropriately analyzed under the reasonableness standard of the Fourth Amendment rather than under a substantive due process approach." *Alexander*, 108 F. Supp. 2d at 940; *see also County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (finding substantive due process claims are inappropriate where other specific textual guarantees exist in the Bill of Rights that cover plaintiff's situation); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (reasoning that claims regarding the seizure of a person should be analyzed under the Fourth Amendment's reasonableness standard rather than a

substantive due process approach).[8]  Accordingly, it is recommended that Plaintiff's Fifth Amendment claim raised pursuant to Section 1983 fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

The Seventh Amendment to the United States Constitution provides for the right to jury trial in civil trials.  As Plaintiff's Complaint does not allege that he was denied his right to any civil jury trial, it is recommended that Plaintiff's Seventh Amendment claim raised pursuant to Section 1983 fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  It appears to the Court that Plaintiff's purported Fourteenth Amendment claims arise out of the same common nucleus of facts that give rise to his Fourth Amendment claim. Specifically, Plaintiff alleges that he was unlawfully arrested or seized by Officer Harris.  As already set forth in the analysis of Plaintiff's Fifth Amendment claims against Agent Hatley and Agent Hartley, "[s]uch claims are most appropriately analyzed under the reasonableness standard of the Fourth Amendment rather than under a substantive due process approach." *Alexander*, 108 F. Supp. 2d at 940.  Accordingly, it is recommended that Plaintiff's Fourteenth Amendment claim raised pursuant to Section 1983 fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

---

[8] Plaintiff failed to raise any Fourth Amendment claims against Agent Hatley or Agent Hartley.

### ii. Paragraph 55

Paragraph 55 alleges that Plaintiff has suffered cruel and unusual punishment in violation of the Eighth Amendment "by combined unreasonable actions of Defendants." (Compl. ¶ 55). Plaintiff further alleges that "it is unreasonable that any jailor would not have known that to physically torture a prisoner by forcing medication against religious objection, denying shower, receiv[ing] reasonable allocations of sufficient food, or receiv[ing] medical treatment would be a violation of his rights." (*Id.*)

The Eighth Amendment of the United States Constitution provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment is not implicated if the alleged misconduct occurs prior to a conviction. *Phebus v. City of Memphis*, 340 F. Supp. 2d 874, 879 (W.D.Tenn. 2004) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048-49 (6th Cir. 1999)). As the Supreme Court articulated in *Ingraham v. Wright*, 430 U.S. 651 (1977), "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id.* at 671 n.40. Plaintiff does not allege that he had been convicted prior to the alleged incidents; on the contrary, Plaintiff's allegations appear to pertain to his arrest and detention. Accordingly, it is recommended that Plaintiff's Eighth Amendment claim raised pursuant to Section 1983 fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants.

### iii. Paragraph 56

Paragraph 56 alleges that the Shelby County Sheriff is liable under the doctrine of

*respondeat superior* "for the acts of their employees committed within the scope of their employee duties, but outside the scope of their discretion in a long train of abuses which is a custom, policy, or practice to violate clearly established law." (Compl. ¶ 56).[9] However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Accordingly, it is recommended that Plaintiff's Section 1983 claim fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915 against SCSD.

### iv. Paragraphs 57 & 58

Finally, Paragraph 57 alleges that Judge Coffee "is liable in his public and private capacity as he [sic] legal knowledge he knows or should have known act [sic] were illegal which make action intentional and outside of any immunities provide [sic] to current office." (Compl. ¶ 57). Paragraph 58 alleges that Weirich "is liable in his [sic] public and private capacity as he [sic] legal knowledge he [sic] knows or should have known act [sic] were illegal which make action intentional and outside of any immunities provide [sic] to current office. Breach of the constitution negates any protections afforded." (*Id.* ¶ 58).

The legal basis for these claims is unclear to the Court, and conclusory claims of alleged liability are insufficient to state a claim upon which relief may be granted. Further, Plaintiff neither mentions Section 1983 nor mentions a constitutional violation he seeks to redress pursuant to Section 1983 against Judge Coffee or Weirich. Even if Plaintiff otherwise had properly plead a Section 1983 claim, as previously discussed, Judge Coffee and Weirich generally have absolute immunity to such claims, and Plaintiff has failed to plead any allegations that are beyond the scope

---

[9] As the doctrine of *respondeat superior* applies to the employer and as SCSD, rather than Shelby County Sheriff William Oldham, is the employer, it is recommended that this claim be construed as against SCSD.

15

of judicial and prosecutorial immunities. Accordingly, it is recommended that Plaintiff's claims contained in Paragraphs 57 and 58 against Judge Coffee and Weirich fail to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

## C. Other Claims

As mentioned at the outset, Plaintiff's Amended Complaint initially lists other legal bases not listed in Counts I-III. Specifically, Plaintiff mentions violations of the Sixth and Ninth Amendments to the United States Constitution, for which he presumably attempts to redress pursuant to Section 1983, as well as violations of Sections 1985, 1986, and 1988.

The Sixth Amendment provides the right to a speedy and public trial, the right to an impartial jury, the right to confront witnesses, the right to have compulsory process to witnesses, and the right to assistance of counsel. U.S. Const. amend. VI. None of the allegations in Plaintiff's Complaint claim that Plaintiff was denied any of these rights.

The Ninth Amendment "'does not confer substantive rights in addition to those conferred by other portions of our governing law'" and thus cannot serve as the basis for a Section 1983 claim. *Hockenberry v. Village of Carrollton*, 110 F. Supp. 2d 597, 604 (N.D. Ohio Aug. 3, 2000) (quoting *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991)).

Section 1985 prohibits the conspiracy to prevent public officials from performing duties, to obstruct justice, to intimidate a party, witness or juror, or to deprive persons of rights or privileges. 42 U.S.C. § 1985. Section 1986 provides for actions for neglecting to prevent any of the wrongs conspired to be committed in violation of Section 1985. 42 U.S.C. § 1986. Section 1988 covers proceedings in vindication of civil rights but does not create a federal cause of action for violation of civil rights. *Monell v. Dep't of Social Svs. of City of New York*, 436 U.S. 658, 701 (1978) (citing

16

*Moor v. Cty. of Alameda*, 411 U.S. 693, 703-04 (1973)); *Hall v. Wooten*, 506 F.2d 564, 568 (6th Cir. 1974) (citing Otto *v. Somers*, 332 F.2d 697, 699 (6th Cir. 1964)). The Court has reviewed the allegations in Plaintiff's Complaint as well as the acts prohibited by these statutes and recommends that Plaintiff's Complaint does not contain any allegations that would be covered by these statutes.

Accordingly, it is recommended that Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1983 for violations of the Sixth or Ninth Amendments and under Sections 1985, 1986, and 1988. Thus, it is recommended that these claims should be dismissed pursuant to Section 1915 against all Defendants.

## III. Certification of Appealability

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the district court denies the pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be

inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed *in forma pauperis* on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 27th day of March, 2014.

                                                  s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**